UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| JAMES ROCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Case No. 8:20-cv-01176-T-30AAS |
| v. | ) | |
| | ) | |
| | ) | |
| LOUIS DEJOY, | ) | |
| Postmaster General, | ) | |
| United States Postal Service, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**</u>

Defendant Louis DeJoy as Postmaster of the United States Postal Service ("USPS" or "Postal Service"), by and through the United States Attorney for the Middle District of Florida, hereby answers and otherwise responds to Plaintiff's Complaint, as follows:

<u>**NATURE OF ACTION**</u>

1.      Paragraph 1 contains Plaintiff's statement of the nature of the action, to which no response is required.

<u>**PARTIES**</u>

2.      As to Paragraph 2, Defendant lacks the knowledge or information sufficient to form a belief as to Plaintiff's residence and alleged disabilities.  To the extent a

response is deemed necessary, Defendant denies the allegations in Paragraph 2.

3.      Defendant admits the allegations in Paragraph 3.

4.      Defendant admits the allegations in Paragraph 4.

5.      Paragraph 5 contains Plaintiff's characterization of the jurisdiction of this Court and requires no response.

6.      Defendant admits the allegations in Paragraph 6.

7.      Defendant admits the allegations in Paragraph 7.

**JURISDICTION**

8.      Paragraph 8 contains a jurisdictional statement and requires no response.

9.      Paragraph 9 contains a jurisdictional statement and requires no response.

**VENUE**

10.     Paragraph 10 contains a jurisdictional statement and requires no response.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11.     Paragraph 11 contains legal conclusions, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 11.

**STATEMENT OF FACTS**

12.     Defendant admits the allegations in Paragraph 12.

13.     Defendant lacks the knowledge or information sufficient to admit or deny the allegations in Paragraph 13.

14.     Defendant denies the allegations in Paragraph 14.

15.     Defendant denies the allegations in Paragraph 15.

16.     Defendant denies the allegations in Paragraph 16.

17.     As to Paragraph 17, Defendant admits that, on or about February 4, 2014, Plaintiff was issued a 14-day suspension.  Defendant denies the remaining allegations in Paragraph 17.

18.      Defendant denies the allegations in Paragraph 18.

19.     Defendant denies the allegations in Paragraph 19.

20.     Defendant admits that Plaintiff's mother and brother worked at the Manasota facility.  Defendant lacks specific knowledge to respond to the remainder of Paragraph 20.

21.     Defendant admits that Marie Schofield was Plaintiff's prior supervisor at the Manasota facility and admits that Ms. Schofield was deposed on October 17, 2017. Defendant denies the remainder of the allegations in Paragraph 21.

22.     Defendant denies the allegations in Paragraph 22.

23.     As to Paragraph 23, Defendant admits that Plaintiff was escorted from the facility on November 13, 2015.

24.     Defendant denies the allegations in Paragraph 24.

25.     Defendant denies the allegations in Paragraph 25.

26.     As to Paragraph 26, Defendant admits that Plaintiff was issued a 14-day s on November 12, 2015, and that Plaintiff filed a grievance on November 12, 2015, challenging the issues of the 14-day suspension.

27.     Defendant admits that Plaintiff was issued a 14-day suspension.  Defendant denies the remainder of the allegations in Paragraph 27.

3

28.     Defendant denies the allegations in Paragraph 28.

29.     Defendant denies the allegations in Paragraph 29.

30.     Defendant denies the allegations in Paragraph 30.

31.  Defendant denies the allegations in Paragraph 31.

32.  Defendant denies the allegations in Paragraph 32.

33.  Defendant admits that Plaintiff had two altercations with Nathan Elliott.

34.  Defendant lacks the knowledge or information sufficient to admit or deny the allegations in Paragraph 34.

35.  Defendant denies the allegations in Paragraph 35.

36.  Defendant denies the allegations in Paragraph 36.

37.  Defendant denies the allegations in Paragraph 37.

38.  Defendant denies the allegations in Paragraph 38.

39.  Defendant admits an investigation of the March 5, 2016, incident was conducted, and that Plaintiff and Mr. Elliott provided written statements and Plaintiff and Mr. Elliot were interviewed by the U.S. Postal Inspection Service.  Defendant denies the remaining allegations contained in Paragraph 39.

40.  As to Paragraph 40, Defendant admits that Plaintiff was interviewed after the March 5, 2016, incident.

41.  Defendant lacks the knowledge or information sufficient to admit or deny the allegations in Paragraph 41.

42.  Defendant admits the allegations in Paragraph 42.

43.  Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant admits that Mr. Elliot was given a polygraph test by the U.S. Postal Inspection Service on or about April 26, 2016.  Defendant denies the remainder of Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant admits the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant admits the allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant admits that, on July 14, 2016, Manager Paul Clayton tried to conduct an investigative interview with Plaintiff.  Complainant refused to answer questions regarding the March 5, 2016, incident.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant admits the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

61. As to Paragraph 61, Defendant admits that the U.S. Postal Inspection Service

5

issued a May 9, 2016, memorandum relating to Mr. Elliott's alleged conduct; Defendant denies the remaining allegations.

## COUNT I: RETALIATION

62.    Defendant reasserts its responses to Paragraphs 1-61.

63.    Paragraph 63 contains legal assertions to which an answer is not required.

64.    Paragraph 64 contains legal assertions to which an answer is not required.  To the extent that this paragraph might be deemed to include factual allegations, Defendant denies the allegations in Paragraph 64.

65.    Defendant denies the allegations in Paragraph 65.

66.    Defendant denies the allegations in Paragraph 66.

67.    Paragraph 67 contains legal assertions to which an answer is not required.

68.    Paragraph 68 contains legal assertions to which an answer is not required.

69.    Paragraph 69 contains legal assertions to which an answer is not required.

70.    Paragraph 70 contains legal assertions to which an answer is not required.

71.    Paragraph 71 contains legal assertions to which an answer is not required.

72.    Defendant denies the allegations in Paragraph 72.

73.    Defendant denies the allegations in Paragraph 73.

74.    Defendant denies the allegations in Paragraph 74.

75.    Defendant denies the allegations in Paragraph 75.

76.    Defendant denies the allegations in Paragraph 76.

77.    Defendant denies the allegations in Paragraph 77.

78.     Paragraph 78 contains legal assertions to which an answer is not required.

79.    Defendant denies the allegations in Paragraph 79.

80.    Defendant denies the allegations in Paragraph 80.

81.    Paragraph 81 contains legal assertions to which an answer is not required.

82.    Paragraph 82 contains legal assertions to which an answer is not required.

83.    Paragraph 83 contains legal assertions to which an answer is not required.

84.    Paragraph 84 contains legal assertions to which an answer is not required.

85.    Defendant denies the allegations in Paragraph 85.

86.    Paragraph 86 contains legal assertions to which an answer is not required.

87.    Paragraph 87 contains legal assertions to which an answer is not required.

88.    Paragraph 88 contains legal assertions to which an answer is not required.

89.    Paragraph 89 contains legal assertions to which an answer is not required.

90.    Defendant denies the allegations in Paragraph 90.

91.    Paragraph 91 contains legal assertions and conclusions to which an answer is not required.

92.    Defendant denies the allegations in Paragraph 92.

93.    Defendant denies the allegations in Paragraph 93.

## COUNT II: RETALIATION

94.    Defendant reasserts its responses to Paragraphs 1-61.

95.    Paragraph 95 contains legal assertions to which an answer is not required.

96.    Paragraph 96 contains legal assertions and conclusions to which an answer is not required.

97.    As to Paragraph 97, Defendant admits that a Notice of Removal dated August

16, 2016, was issued to Plaintiff, advising him that his removal would be effective September 23, 2016.

98.      As to Paragraph 98, Defendant admits that Plaintiff grieved his removal and a September 15, 2017, arbitration decision denied Plaintiff's grievance and found the Postal Service had just cause for placing Plaintiff on Emergency Placement and for removing him for his unacceptable conduct.   Defendant denies the remaining allegations in Paragraph 98.

99.      Defendant denies the allegations in Paragraph 99.

100.     Paragraph 100 contains legal assertions to which an answer is not required.

101.     Paragraph 101 contains legal assertions to which an answer is not required.

102.     Paragraph 102 contains legal assertions to which an answer is not required.

103.     Paragraph 103 contains legal assertions to which an answer is not required.

104.     Paragraph 104 contains legal assertions to which an answer is not required.

105.     Paragraph 105 contains legal assertions to which an answer is not required.  To the extent that this paragraph might be deemed to include factual allegations, Defendant avers that a Notice of Removal was issued to Plaintiff and Defendant denies the remaining allegations.

106.     Defendant denies the allegations in Paragraph 106.

107.     Defendant denies the allegations in Paragraph 107.

108.     Defendant denies the allegations in Paragraph 108.

109.     Defendant denies the allegations in Paragraph 109.

110.     Defendant denies the allegations in Paragraph 110.

111.    Paragraph 111 contains legal assertions and conclusions to which an answer is not required.

112.    Defendant denies the allegations in Paragraph 112.

113.    Defendant denies the allegations in Paragraph 113.

114.    Paragraph 114 contains legal assertions to which an answer is not required.

115.    Paragraph 115 contains legal assertions to which an answer is not required.

116.    Paragraph 116 contains legal assertions to which an answer is not required.

117.    Paragraph 117 contains legal assertions to which an answer is not required.

118.    Paragraph 118 contains legal assertions to which an answer is not required.

119.    Paragraph 119 contains legal assertions to which an answer is not required.

120.    Paragraph 120 contains legal assertions to which an answer is not required.

121.    Paragraph 121 contains legal assertions to which an answer is not required.

122.    Paragraph 122 contains legal assertions to which an answer is not required.

123.    Defendant denies the allegations in Paragraph 123.

124.    Paragraph 124 contains legal assertions to which an answer is not required.

125.    Defendant denies the allegations in Paragraph 125.

126.    Paragraph 126 contains legal assertions to which an answer is not required.

## COUNT III: SEX DISCRIMINATION

127.    Defendant reasserts its responses to Paragraphs 1-61.

128.    Paragraph 128 contains legal assertions to which an answer is not required; to the extent an answer is required, Defendant denies the allegations in Paragraph 128.

129.    Paragraph 129 contains legal assertions to which an answer is not required.

9

## COUNT IV: DISABILITY DISCRIMINATION

130.     Defendant reasserts its responses to Paragraphs 1-61.

131.     As to Paragraph 131, Defendant lacks the knowledge or information sufficient to form a belief as to Plaintiff's health conditions.  Defendant admits that Plaintiff had previously been provided a reasonable accommodation.

132.     Paragraph 132 contains legal assertions to which an answer is not required.

133.     Paragraph 133 contains legal assertions to which an answer is not required.

## DAMAGES

134.      As to Paragraph 134, Defendant denies that Plaintiff is entitled to any damages or other relief.  Defendant further avers that Plaintiff is not entitled to any relief in this action.

## INJUNCTIVE RELIEF

135.     As to Paragraph 135, Defendant denies that Plaintiff is entitled to any damages or other relief.  Defendant further avers that Plaintiff is not entitled to any relief in this action, including but not limited to injunctive relief.

## PRAYER FOR RELIEF

The unnumbered paragraph and its subparts A – G contain Plaintiff's prayer for relief to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to any damages or other relief. Defendant further avers that Plaintiff is not entitled to any relief in this action.

## JURY DEMAND

This paragraph contains Plaintiff's requests for a jury trial, to which no

10

response is required.

## GENERAL DENIAL

Defendant hereby denies all allegations of the Complaint not otherwise answered.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot establish a *prima facie* case of disparate treatment discrimination or retaliation. Plaintiff cannot prove that any similarly situated employees outside his protected group were treated more favorably by the same decision makers.

## THIRD AFFIRMATIVE DEFENSE

Defendant asserts that the employment actions with regard to Plaintiff were taken for legitimate, non-discriminatory, and non-retaliatory business reasons. All actions taken by Defendant were based on legitimate, non-discriminatory reasons and were not pretext for unlawful discrimination, thereby barring Plaintiff's claim. Defendant did not intentionally, or otherwise unlawfully, discriminate against Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

Defendant asserts that, in the event that the trier of fact determines that Plaintiff's disability, prior EEO activity, if any, was a motivating factor, which Defendant expressly denies; Defendant would have made the same employment decisions. Any adverse employment action of which Plaintiff complains would have

occurred regardless of any protected class or any alleged protected activity.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for compensatory damages, if any, must be struck from the Complaint as having no basis in law, since Plaintiff cannot show intentional discrimination by Defendant. In any event, such compensatory damages, if any, are capped pursuant to 42 U.S.C. § 1981a.

### SIXTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff failed to mitigate his damages, if any. Furthermore, Defendant asserts and specifically preserves all other defenses not now known, which Defendant now has or may come to have.

### SEVENTH AFFIRMATIVE DEFENSE

Any acts of discrimination and/or retaliation not brought to the attention of an EEO counsel within 45 days are time-barred.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff failed to administratively exhaust his claims.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his damages.

### TENTH AFFIRMATIVE DEFENSE

Defendant specifically preserves all other defenses not know known, which it now has or may come to have.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By:    */s/ Mamie V. Wise*
MAMIE V. WISE
Assistant United States Attorney
Florida Bar No. 65570
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: 813-274-6000
Facsimile: 813-274-6200
E-mail: mamie.wise@usdoj.gov

### CERTIFICATE OF SERVICE

I certify that on December 21, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will serve all registered users in this case.

*/s/ Mamie V. Wise*
MAMIE V. WISE
Assistant United States Attorney